UNITED STATES of America,
Plaintiff-Appellee,

v.

Douglas Earl SAVAGE, Defendant-
Appellant.

No. 72–3145.

United States Court of Appeals,
Ninth Circuit.

Aug. 8, 1973.

Rehearing Denied Sept. 5, 1973.

Charles Robinowitz (argued), Port-
land, Or., for defendant-appellant.

Tommy Hawk; Asst. U. S. Atty.
(argued, Sidney I. Lezak, U. S. Atty.,
Portland, Or., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and TAYLOR,* District Judge.

CHOY, Circuit Judge:

Douglas Earl Savage was convicted after a jury trial of bank robbery and using a firearm to commit a felony in violation of 18 U.S.C. §§ 2113(a), 924(c). He was sentenced to fifteen year and five year terms to run concurrently. We affirm.

In April 1971, two men, wearing masks and brandishing firearms, entered a federally-insured bank in a small Oregon town, took about $29,000 and escaped in a 1969 Dodge station wagon. The key government witness, Margaret Casebeer, was the wife of one of the robbers. After charges against her were reduced, Mrs. Casebeer testified that she made the masks for Savage and her husband, was present when plans were discussed, and waited for the two men outside of town while the robbery took place. Mrs. Casebeer was also present when Savage discussed the robbery the next day. There was an abundance of corroborative evidence presented by the prosecution, including an admission by Savage to his mother that he had robbed the bank.

After his arrest and while he was in custody, Savage wrote a letter to Ronald Casebeer who was then confined in the federal penitentiary at McNeil Island. The letter was intercepted by a prison security officer who made a photocopy of the original before forwarding it to Casebeer. The letter contained the ingredients of an alibi by Savage, attempting to shift the blame for the robbery to one Mayberry, and detailing Savage's actions at the time of the robbery and subsequently.

At trial, a copy of the letter from Savage to Casebeer was introduced as evidence. The security officer testified that the letter had been copied exactly and Casebeer's testimony from a previous trial indicated that the original had been destroyed. Under these circumstances, the copy was held admissible.

Savage makes three contentions on this appeal: (1) that the photocopy of his letter to Casebeer was improperly admitted into evidence; (2) that his fourth amendment rights were violated when the letter was intercepted and photocopied by the prison security officer; and (3) failure to record the proceedings before the grand jury requires reversal.

██ To prove the terms of a writing, the original writing must be produced unless it is shown to be unavailable for some reason other than the fault of the proponent. The loss or destruction of an original writing is a longstanding basis for asserting unavailability. C. McCormick, Law of Evidence § 201 at 413 (1954); 4 J. Wigmore, On Evidence § 1193-98 (1972). See also Proposed Rules of Evidence for the U. S. District Courts and Magistrates, Rule 1004(1). Savage's first contention fails since there was proof that the original was destroyed and the security guard testified that the copy was an exact reproduction.

██ Savage was in custody when he wrote his letter to Casebeer. He argues that opening and copying the letter was an unconstitutional invasion of his privacy. Individuals do not forfeit all their constitutional rights when they are taken into custody. A prisoner is entitled to the fourth amendment's protection from unreasonable searches and seizures. Burns v. Wilkinson, 333 F. Supp. 94, 96 (W.D.Mo.1971); Palmigiano v. Travisono, 317 F.Supp. 776, 791 (D.R.I.1970). But under the standard enunciated in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), what society recognizes as a reasonable expectation of privacy is restricted when the individual asserting

---

* The Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

the expectation is incarcerated or in custody.

■ The view[1] that prison authorities may examine the communications of a prisoner without infringing upon his constitutional rights has recently come under fire on both first and fourth amendment grounds. A three-judge court in Martinez v. Procunier, 354 F.Supp. 1092 (N.D.Calif.1973), prob. jur. noted, —— U.S. ——, 93 S.Ct. 3013, 37 L.Ed. 2d 1000 (1973), held that a prisoner's right to correspond was a fundamental right protected by the first amendment. The State of California's regulations, which permitted the reading of incoming and outgoing mail, were held violative of the first amendment because they were not both reasonably and necessarily related to the advancement of some justifiable purpose of imprisonment or prison security.[2] A similar practice was condemned on both first and fourth amendment grounds in *Palmigiano, supra*. We think that absent a showing of some justifiable purpose of imprisonment or prison security the interception and photocopying of the letter was violative of the fourth amendment and the letter should have been excluded as evidence. Here no such showing was made.

Despite the failure to exclude the letter, Savage's conviction must stand. There was overwhelming evidence of Savage's guilt and the illegally admitted evidence did not contribute to his conviction. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Hence, the constitutional error was

harmless beyond a reasonable doubt. Nor did the admission of the letter prejudice Savage since the contents were directed at exculpating him and did not contain any self-incriminatory statements.

■ We held in United States v. Price, 474 F.2d 1223 (9th Cir. 1973) that upon a proper motion, failure to record grand jury proceedings absent a showing of a compelling government interest to be served by nonrecordation is an abuse of discretion by the district court. In the instant case, however, no request for recordation was made.

Affirmed.

1. The principal authority for this view is found in Stroud v. United States, 251 U.S. 15 (1919) and United States v. Wilson, 447 F.2d 1, 8 (9th Cir. 1971). Other circuits have expressed similar views. *See* Denson v. United States, 424 F.2d 329 (10th Cir. 1970), and cases cited therein. Those decisions hold that prison discipline or security justify the examination of a prisoner's communications. To that extent we are in complete agreement but add the proviso that justification must be demonstrated.

2. *See also* Dreyer v. Jalet, 349 F.Supp. 452, 483 (S.D.Tex.1972); Lamar v. Kern, 349 F.Supp. 222, 225 (S.D.Tex. 1972); Guajardo v. McAdams, 349 F. Supp. 211, 219 (S.D.Tex.1972).