296 So.2d 97 (1974)
STATE of Florida, Appellant,
v.
Nadean O. McARTHUR, Appellee.
No. 73-1214.
District Court of Appeal of Florida, Fourth District.
June 14, 1974.
Rehearing Denied July 11, 1974.
*98 Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellant.
Chester Bedell, Jacksonville, Raymond E. Ford, Fort Pierce, and Eugene P. Spellman, Miami, for appellee.
WALDEN, Judge.
The Okeechobee County Grand Jury inquired into the death of Charles McArthur. An indictment was returned charging the decedent's wife, Nadean McArthur, with first degree murder. The defendant, Mrs. McArthur, duly filed a motion to dismiss the indictment. The trial court granted same on the ground that the state had failed to have a court reporter or stenographer present to record the testimony presented to the Grand Jury. The state appeals. We reverse.
Must grand jury proceedings in Florida be recorded as a matter of law? Our answer is succinct  the law of this state does not require such recordation. The problem is conceded to be one of first impression in Florida.
Grand juries are controlled by F.S. 905 (1971), F.S.A. The defendant relies upon F.S. 905.17, F.S.A., which provides:
"905.17 Who may be present during session of grand jury. 
"(1) No person shall be present at the sessions of the grand jury except the witness under examination, the state attorney or his designated assistant, the court reporter or stenographer, and the interpreter." (Emphasis added.)
and F.S. 905.27, F.S.A., which provides:
"905.27 Testimony not to be disclosed: exceptions. 
"(1) A grand juror, state attorney, ... reporter, stenographer, interpreter, or any other person appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury or other evidence received by it... ." (Emphasis added.)
as authority for the proposition that grand jury testimony must be recorded. The reliance is misplaced. F.S. 905.17, F.S.A., refers to who may be present at grand jury sessions  rather than who must. F.S. 905.27, F.S.A., only provides exceptions to the secrecy rule of F.S. 905.24 (1971), F.S.A., and in so doing reiterates the types of persons who may attend grand jury sessions. The language can not be construed so as to provide that the phrase "interpreter, or any other person" is a statement permitting attendance, but a "reporter ... [or] ... stenographer" is a statement mandating attendance.
Grand jury minutes are dealt with in F.R.Cr.P. 3.220, 33 F.S.A. The defendant cites to this rule, which reads as follows:
"3.220 Discovery
"(a) Prosecutor's Obligation.
"(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect ... the following ...:
* * * * * *
"(v) Those portions of recorded grand jury minutes that contain testimony of the accused."
for the proposition that grand jury testimony must necessarily be recorded. The rule simply does not require this. It applies to (1) accused's testimony  (Mrs. McArthur did not testify), and (2) to recorded testimony  (inferentially, if it is recorded). The Committee note appended to this rule, although not controlling, clearly reflects this court's interpretation of the rule. That comment indicated the rule was worded so as to avoid any inference that it *99 made mandatory the recording of grand jury testimony.[1]
Federal courts have faced the problem, and have denied the existence of any constitutional legislative right to have grand jury testimony recorded as a matter of law. U.S. v. Arradondo, 483 F.2d 980 (8th Cir.1973); U.S. v. Battisti, 486 F.2d 961 (6th Cir.1973); U.S. v. Biondo, 483 F.2d 635 (8th Cir.1973); U.S. v. King, 478 F.2d 494 (9th Cir.1973); U.S. v. Peden, 472 F.2d 583 (2d Cir.1973); U.S. v. Savage, 482 F.2d 1371 (9th Cir.1973); U.S. v. Cooper, 464 F.2d 648 (10th Cir.1972); U.S. v. Barson, 434 F.2d 127 (5th Cir.1970). "Virtually every circuit has now taken the position that recordation is permissive and not mandatory." 8 Moore's Federal Practice, The Grand Jury § 6.02 n. 24 (1973). See 1 Wright, Federal Practice and Procedure, Indictment and Information, § 103 (1969).
However, while espousing this position, numerous circuits have stated that recordation is the most desirable procedure, and the better practice. U.S. v. Battisti, supra; U.S. v. Biondo, supra; U.S. v. Cramer, 447 F.2d 210 (2d Cir.1971); U.S. v. King, supra; U.S. v. Peden, supra; U.S. v. Aloisio, 440 F.2d 705 (7th Cir.1971); U.S. v. Hensley, 374 F.2d 341 (6th Cir.1967). In U.S. v. King, supra, the court said:
"[T]he Government is courting disaster when it fails to record grand jury proceedings... ." Id. 478 F.2d at 508.
And in U.S. v. Cramer, supra, the court hinted that, at a time when a defendant comes forth with evidence of bad faith, or of arbitrary prosecutorial behavior, or has a viable need for grand jury testimony, lack of recordation may be found to have contravened the constitutional rights of that accused. It is proper for this court therefore to consider whether this defendant has proven such a need. See Dennis v. U.S., 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). In fact, she has not. There is no predicate establishing any need for the revelation of the grand jury testimony. Without that predicate the testimony need not be revealed, much less recorded. See State v. Drayton, 226 So.2d 469 (2d D.C.A.Fla.App. 1969); State v. Gillespie, 227 So.2d 550 (2d D.C.A.Fla.App. 1969); Minton v. State, 113 So.2d 361 (Fla. 1959); State v. Tillett, 111 So.2d 716 (2d D.C.A.Fla.App. 1959); Jackman v. State, 140 So.2d 627 (3d D.C.A.Fla. 1962).[2] As a basis for demanding the recordation and revelation of the grand jury testimony, defendant asserted that there were discrepancies between unrecorded testimony taken before the State's Attorney[3] and deposition testimony of certain witnesses. It was her analysis that the secret grand jury testimony would corroborate only one of these two testimonies, or reflect yet another version. It is our view that the possibility of the existence of such inconsistencies is not such as would require the revelation of the grand jury testimony, and the removal of the veil of secrecy from that testimony. If this were not so then it would be possible for every indicted person *100 to create some sort of inconsistency and, bootstrapping therefrom, create a need for the grand jury testimony.
The United States Court of Appeals, 9th Circuit, has recently held that when a defendant makes a request for recordation of grand jury hearings, the court may not deny the request unless there is a government showing that there is compelling and legitimate interest in nonrecordation. U.S. v. Price, 474 F.2d 1223 (9th Cir.1973); See U.S. v. Savage, supra. It is important to note, in light of this reasoning, that the record shows no evidence of such a request being made by this appellant.
In essence, although several federal circuits have spoken of some future compelling need to examine grand jury minutes and have advocated recordation, we have not found in our search for precedent, nor been shown, a case wherein an indictment was dismissed for lack of such recordation.
The modern grand jury retains much of the grand jury of antiquity. The former determines as did the latter if there is probable grounds for suspicion and its considerations are made in secret. See Holdsworth, A History of English Law, 321-323 (1966). It is the element of secrecy which comprises the strength of the institution, but may also render its considerations suspect. The practice of recordation may very well be superior to that of non-recordation. Accordingly, any request for recordation should be given great weight. In the instant case, however, the subject indictment was proper, and should not have been quashed when no constitutional rights were abrogated, no Florida law was contravened and no request for recordation was made by Mrs. McArthur. If there is to be a change in what we conceive to be the clear provisions of F.S. 905.17 and 905.27, F.S.A., Laws of 1971, it is our view that such is within the proper sphere of the Legislature.[4] We reverse and remand with respectful instructions to reinstate the indictment.
Reversed and remanded.
MAGER, J., and MOORE, JOHN H., II, Associate Judge, concur.
NOTES
[1] F.R.Cr.P. 3.220 is drawn from Rule 2.1 of the ABA Federal Standards. In the appended Commentary to the Proposed Revisions of these standards it was stated:

"[T]he word `recorded' was added to renumbered 2.1(b)(i) to negate any inference that the standard deals with the question of whether grand jury proceedings should be recorded."
[2] But see U.S. v. Youngblood, 379 F.2d 365 (2d Cir.1967). Although disallowing inspection by the named defendant because of a lack of particularized need, the Second Circuit prospectively promulgated a rule that defendants did not have to show a particularized need in order to inspect the grand jury testimony of witnesses with respect to testimony they would give at trial. Nonetheless, the Second Circuit in U.S. v. Cramer, supra, subsequently held that grand jury testimony did not have to be recorded.
[3] Defendant obtained the information concerning this testimony from a deposed witness.
[4] In fact, the state has brought to our attention a proposed house bill to be presented in the 1974 Session which includes the following in its proposed legislation for the grand jury system:

"A COURT REPORTER OR STENOGRAPHER SHALL BE PRESENT AT EVERY SESSION AND SHALL RECORD VERBATIM THE TESTIMONY OF ALL WITNESSES."