Charles NAKAO, et al., Plaintiffs,

v.

Ruth RUSHEN, et al., Defendants.

No. C 81–3816 SAW.

United States District Court,
N. D. California.

Aug. 23, 1982.

**1092**

Dennis P. Riordan, San Francisco, Cal., for plaintiffs.

John B. Clausen, County Counsel, Contra Costa County by Vickie L. Dawes, Deputy County Counsel, Martinex, Cal., Jerrold M. Ladar, San Francisco, Cal., George Deukmejian, Atty. Gen. of the State of Cal., James B. Cuneo, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## ORDER

WEIGEL, District Judge.

The facts in this case are set forth in detail in the Court's Memorandum and Order on Motions for Summary Judgment (Order), filed July 6, 1982. 542 F.Supp. 856. In brief, plaintiffs claim, *inter alia*, that the state defendants, acting on the request of the county defendants, conducted an illegal search of plaintiff Nakao's prison cell. In the Order, the Court granted defendants' summary judgment motions in part, but refused to grant summary judgment on defendants' claim that their actions were in good faith. At that time, the Court observed that the "good faith immunity" defense to § 1983 actions had both a subjective and an objective component—it shielded an official from liability if the official acted "sincerely and with a belief that he was doing right" and did not act contrary to "settled indisputable law." The Court

concluded that it could not be determined as a matter of law that defendants acted "sincerely and with a belief that they were doing right," and thus denied summary judgment on the issue of good faith immunity. The question of whether defendants acted contrary to "settled indisputable law" was not addressed.

Both the county and the state defendants move for reconsideration of their respective motions for summary judgment in light of the recent Supreme Court decision in *Harlow, et al. v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In *Harlow,* the Supreme Court eliminated the subjective component of the good faith immunity defense. Specifically, the Court held that:

… government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.

*Harlow, supra,* at ——, 102 S.Ct. at 2738. Under this objective test, the district court on a summary judgment motion must determine "not only the current applicable law, but whether the law was clearly established at the time an action occurred." *Id.* Defendants urge that they acted in good faith since their conduct did not violate any clearly established law at the time their actions occurred.

■ Defendants' respective motions for reconsideration must be denied. Although it was once the law in this circuit that a prisoner could not reasonably consider his prison cell "private," *United States v. Hitchcock,* 467 F.2d 1107, 1108 (9th Cir. 1972), *cert. denied,* 410 U.S. 916, 93 S.Ct. 973, 35 L.Ed.2d 279 (1973), since at least 1973 it has been clearly established in this circuit that a warrantless search of prisoner's cell violates the Fourth Amendment unless it serves a justifiable purpose of imprisonment or prison security. *United States v. Savage,* 482 F.2d 1371, 1373 (9th Cir. 1973), *cert. denied,* 415 U.S. 932, 94 S.Ct. 1446, 39 L.Ed.2d 491 (1974). *Accord,*

United States v. Hearst, 563 F.2d 1331, 1344–45 (9th Cir. 1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978); *United States v. Vallez,* 653 F.2d 403, 406 (9th Cir. 1981), *cert. denied,* 454 U.S. 904, 102 S.Ct. 412, 70 L.Ed.2d 223 (1982). *Cf. Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (inmate's mail may be censored only if censorship furthers interests of security, order or the rehabilitation of inmates). As noted in the Court's earlier Order, a rational jury might conclude that the search at issue in this case was instituted for the sole purpose of assisting the county in its investigation— *i.e.,* that the search did not serve a justifiable purpose of imprisonment or prison security. Order, p. 8. If so, defendants' actions violated clearly established law. In these circumstances, ". . . the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow, supra,* —— U.S. at ——, 102 S.Ct. at 2739.

■ County defendants, citing *Arnold v. IBM,* 637 F.2d 1350 (9th Cir. 1981), reassert their position that they cannot be held liable for any illegal search since they only *requested* that the state defendants obtain copies of the Nakaos' correspondence. However, assuming that the county defendants knew of no security reason for seizing the Nakaos' correspondence, a reasonable official in the county defendants' position could or should have known that the request that state defendants obtain copies of the Nakaos' correspondence could not be honored without infringing on a constitutional privilege. Further, this is not a case like *Arnold,* where there was no evidence that the individuals carrying out the illegal search were carrying out the defendant's will, or that said individuals "relied at all, let alone exclusively, on defendant's judgment" in conducting the illegal search. *Id.* at 1357–58. Viewing all the evidence in a light most favorable to plaintiff, a rational trier of fact could conclude that the county defendants set in motion a series of acts by others which they knew or reasonably should have known would cause others to inflict a constitutional injury. *Johnson v.*

*Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978). Accordingly,

IT IS HEREBY ORDERED that defendants' motions for reconsideration of summary judgment and dismissal motions are denied.