533 So.2d 873 (1988)
In re REPORT OF THE GRAND JURY, JEFFERSON COUNTY, FLORIDA, SPRING TERM 1987 and Jerry M. Blair, State Attorney, in and for the Third Judicial Circuit.
No. 88-1116.
District Court of Appeal of Florida, First District.
October 28, 1988.
*874 Robert A. Butterworth, Atty. Gen., and Walter M. Meginniss and Richard E. Doran, Asst. Attys. Gen., Tallahassee, for appellant.
Kenneth L. Connor and D. Lance Langston, of Connor and Martinez, Tallahassee, for appellee.
PER CURIAM.
The State Attorney contends that the trial court abused its discretion in repressing a grand jury report. We agree and reverse.
In an earlier order, the trial judge had repressed the report of a previous grand jury (Grand Jury I) upon the motion of a public official who was one of the subjects of the investigation and who was named in the report, because the judge found that the grand jury's term had expired prior to the time a motion to extend the term and the order extending the term were filed and entered. He found that the belated attempts to extend the term were without effect, thereby making the subsequent conduct of the grand jury, including its report, unlawful in that it was outside the lawful ambit of grand jury authority.
The order repressing the report of Grand Jury I stated that "public announcement of the subject report shall be stayed and the report and all motions or correspondence relating thereto shall be sealed and kept confidential until further order of this Court." Neither the State Attorney nor Grand Jury I sought review of the order.
Thereafter, another grand jury was empaneled (Grand Jury II) and took up the investigation. Grand Jury II issued a report very similar to the repressed report of Grand Jury I. The public official moved to repress this report on the grounds that the report of Grand Jury I had apparently been improperly disclosed to Grand Jury II in violation of the court's order and that the report of Grand Jury II "is likewise improper and unlawful in that it singles the movant out for the purpose of censure and holds him up to scorn and criticism by imputation and innuendo" without having returned a "true bill." The movant requested the court to conduct an in camera *875 inspection of the transcript of the grand jury's proceedings to determine the party responsible for violating the court's order and the appropriate sanctions to be imposed.
At the hearing on the motion, the State Attorney admitted that the report of Grand Jury I had been disclosed to Grand Jury II without the court's permission, but asserted that other evidence had also been presented and considered which would independently support the report. The judge refused to allow a member of Grand Jury II who was present at the hearing to testify regarding this assertion. The State Attorney argued that he had violated neither the grand jury disclosure statute[1] nor the trial court's order, since he had not made the report public, but had only disclosed it to a grand jury which was sworn to secrecy. The judge noted that he had expressly ordered the report sealed and kept confidential until further order.
In his order repressing the report of Grand Jury II, the trial judge found that only the report of Grand Jury I, not the evidence presented to it, had been repressed and that this evidence could be presented to Grand Jury II which could then reach the same conclusions and issue a similar report, but that the report of Grand Jury I could not be presented without a prior court release. He noted that a court reporter had not been present during the presentation of evidence to Grand Jury II, and that he considered the State Attorney's statement that other evidence had been presented to Grand Jury II which would independently support the report only as an allegation or as argument. He found "no sound basis to conclude" that Grand Jury II based its report on evidence independent of the "unlawful" report of Grand Jury I, and stated that to conclude otherwise "would require sheer speculation by the court."
The State Attorney's actions did not violate any provision of chapter 905, Florida Statutes. However, his actions at least unintentionally violated the trial court's order prohibiting disclosure of the report without the court's permission.
The trial judge refused to accept as more than mere "allegation or argument" the State Attorney's statements regarding the independent evidence he had submitted to Grand Jury II, and refused to allow a member of that grand jury who was present at the hearing to so testify, yet grounded his order repressing the grand jury's report on his inability to determine whether Grand Jury II based its conclusions upon its own independent investigation or only upon the report of Grand Jury I, noting that there was no court reporter during the presentation to the second grand jury. There is no constitutional or statutory requirement that grand jury proceedings be recorded. U.S. v. Head, 586 F.2d 508 (5th Cir.1978); State v. McArthur, 296 So.2d 97 (Fla. 4th DCA), cert. den., McArthur v. State, 306 So.2d 123 (Fla. 1974). Where justice requires it, a member of the grand jury, or the state's attorney, may be required by the court to testify to any fact except the jury members' opinions or votes. Jenkins v. State, 35 Fla. 737, 18 So. 182, 186 (1895).
Section 905.28, Florida Statutes (1986), authorizes a motion to repress or expunge a grand jury report, or a portion thereof, which is "improper or unlawful." In Miami Publishing Company v. Marko, 352 So.2d 518 (Fla. 1987), the supreme court defined "lawful" and "proper" in the context of section 905.28 to mean that the report is within the lawful ambit of grand jury authority and that its comments have a factual foundation in, and are germane to, the scope of proceedings for which the grand jury was convened. In Appeal of Untreiner, 391 So.2d 272, 274-75 (Fla. 1st DCA 1981), this court affirmed the trial court's denial of a motion to repress the grand jury presentment, finding that the recommendation calling for either the resignation of a sheriff or his removal from office by the governor was "consistent with the Presentment's findings of fact regarding the Sheriff's operation of the Sheriff's Department," i.e., that it was "based upon stated *876 facts constituting specific examples of misconduct which were found by the Grand Jury's lawful inquiry into the operation of the Sheriff's Department," and that the sheriff had failed to show that the recommendation was "not based upon the factual foundation of the Presentment itself."
Here the movant did not assert that the conclusions in the report of Grand Jury II were not based upon the findings of fact in the report, nor that the grand jury's inquiry was outside the scope of its authority, but sought to repress the report as a sanction for the misconduct of the State Attorney, which allegedly rendered the grand jury's report "unlawful".
Suppression of grand jury materials or dismissal of the indictment are available remedies for unlawful disclosure or other prosecutorial misconduct in extreme circumstances,[2] but absent evidence of actual prejudice to the complainant or that such prosecutorial misconduct significantly infringed on the grand jury's ability to exercise its independent judgment, such extreme remedies are not warranted, since a contempt citation or other attorney discipline will serve the purpose of curtailing such conduct.[3]
Because the movant failed to allege or to present evidence that he was unfairly prejudiced by the State Attorney's disclosure, and failed to show that the disclosure significantly infringed on the grand jury's ability to exercise its independent judgment, the trial judge abused his discretion in repressing the report of Grand Jury II. Bank of Nova Scotia v. United States, ___ U.S. ___, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988); United States v. Slawik, 408 F. Supp. 190 (U.S.D.C.Del. 1976), affirmed, 564 F.2d 90 (3rd Cir.1977).
The first grand jury report was repressed on the basis of a technicality. Neither of the motions to repress alleged that either report was unsupported by the facts or that evidence available to Grand Jury I would not have been available to Grand Jury II. Under these circumstances, it is hard to conceive how the result would have been different if the State Attorney had proceeded without disclosing the first grand jury's report to the second grand jury, or how the movant could have been unfairly prejudiced by the disclosure.
The trial court erred in presuming that the second grand jury based its report only on the first grand jury's report, and not on independent evidence, especially in light of the State Attorney's statement to the contrary and his willingness to call one of the grand jurors to so testify. The State Attorney could have been adequately disciplined for his conduct without unnecessarily interfering with the grand jury proceedings.[4]
*877 The order repressing the report of the Grand Jury, Jefferson County, Florida, Spring Term 1987, is REVERSED and the case is REMANDED to the trial court for determination whether the disclosure of the first grand jury's report significantly infringed on the second grand jury's ability to exercise its independent judgment, or whether its report was supported by independent evidence.
JOANOS, WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] Section 905.28, Florida Statutes (1987).
[2] U.S. v. Coughlan, 842 F.2d 737 (4th Cir.1988); State v. Manocchio, 497 A.2d 1 (R.I. 1985).
[3] U.S. v. Kilpatrick, 821 F.2d 1456 (10th Cir.1987), affirmed, Bank of Nova Scotia v. United States, ___ U.S. ___, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988); U.S. v. Navarro-Ordas, 770 F.2d 959 (11th Cir.1985), cert. denied, Rodriguez v. U.S., 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986); U.S. v. Jones, 766 F.2d 994 (6th Cir.), cert. den., Jones v. U.S., 474 U.S. 1006, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985); U.S. v. Johns, 688 F. Supp. 1017 (D.C.Pa. 1988); U.S. v. Kouba, 632 F. Supp. 937 (D.C.N.D. 1986); U.S. v. Lawson, 502 F. Supp. 158 (D.C.Md. 1980); In re J.H., 164 Ill. App.3d 718, 115 Ill.Dec. 724, 518 N.E.2d 249 (Ill. App. 1st Dist. 1987); People v. Martin-Trigona, 111 Ill. App.3d 718, 67 Ill.Dec. 291, 444 N.E.2d 527 (Ill. App. 1st Dist. 1982); State v. Canatella, 96 N.H. 202, 72 A.2d 507 (1950); State v. Weiss, 105 N.M. 283, 731 P.2d 979 (N.M.App. 1986).
[4] In U.S. v. Phillips, 664 F.2d 971 (5th Cir.1981), cert. den., Meinster v. U.S., 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), the court held that it was improper for government attorneys to present to a successor grand jury a summary of the evidence which had been presented to a prior nonindicting grand jury without obtaining a court order, but that it would dismiss an indictment for such a disclosure only when there is a showing that substantial rights of the defendant were impaired or that the integrity of the grand jury proceedings was impugned.

In U.S. v. Malatesta, 583 F.2d 748 (5th Cir.1978), on rehearing on other grounds, 590 F.2d 1379 (5th Cir.1979), cert. den., Bertolotti v. U.S., 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979), the prosecutor read the transcript of one grand jury proceeding to another grand jury to expedite its hearing of the case and offered to present any witnesses the grand jury desired to hear in person. The court held that this was not a disclosure permitted under the federal rule and that a court order should have been obtained, but that it did not impair any substantial rights of the defendants or impugn the integrity of the grand jury proceeding so as to require dismissal of the indictment. The court noted that in the usual case the rule prohibiting disclosure of grand jury materials may be adequately enforced by a contempt citation.