PER CURIAM.
For the second time, the state appeals an order of the trial court repressing a grand jury report. Specifically, the state challenges the trial court’s finding that presentment of the report of the first grand jury to the second grand jury violated Florida law. We affirm.
The background for this case is set forth in the court’s prior opinion, In re Report of the Grand Jury, Jefferson County, Spring Term 1987, 533 So.2d 873 (Fla. 1st DCA 1988). In autumn 1986, Jerry Blair, State Attorney for the Third Judicial Circuit, was appointed by the governor to act as legal advisor to the Jefferson County grand jury, in an investigation of alleged misconduct of Jefferson County public officials. Hamilton County Circuit Court Judge Peach was assigned to oversee the proceedings. One of the subjects of the investigation moved to suppress the grand jury report. Because the first grand jury’s term expired before an order extending its term was entered, Judge Peach ruled that the “public announcement of the subject report shall be stayed and the report and all motions or correspondence relating thereto shall be sealed and kept confidential until further order of this Court.” No review was sought of the order.
State Attorney Blair presented the matter to the jury empaneled for the 1987 spring term. The repressed report was presented to Grand Jury II, which subsequently issued a report similar to the repressed report of Grand Jury I. In December 1987, a second motion to repress was filed. At the hearing on the motion, the State Attorney acknowledged that the report prepared by Grand Jury I had been reviewed by Grand Jury II. The trial court repressed the report of Grand Jury II, stating that the first grand jury report could not be presented to the second grand jury without a prior court release. The trial court further found that “there is no sound basis to conclude that the Spring 1987 Grand Jury based its report on evidence independent of the unlawful Fall 1986 Report. To conclude otherwise would require sheer speculation by the court.”
On April 29, 1988, the Attorney General filed a petition for writ of certiorari, seeking review of the trial court’s order. Oh May 5, 1988, the petition was dismissed without prejudice to timely file a notice of appeal. The state timely appealed. This court reversed the order suppressing the report of Grand Jury II, and remanded “to the trial court for determination whether the disclosure of the first grand jury’s report significantly infringed on the second grand jury’s ability to exercise its independent judgment, or whether its report was supported by independent evidence.” 533 So.2d at 877.
Pursuant to this court’s direction, a hearing was held December 1, 1988. The trial court found that the burden was upon the state to demonstrate that disclosure of the first grand jury’s report to the second grand jury did not significantly infringe on the second grand jury’s ability to exercise its independent judgment. Mr. Blair was sworn as a witness. He explained the events that led to his appointment, and said that the first grand jury met on three different occasions, and heard testimony from more than a dozen witnesses. After the first grand jury’s report was repressed, Mr. Blair empaneled a second grand jury. He said that prior to the first session of the second grand jury, he spoke with the foreperson of the first grand jury. Mr. Blair further stated that he and his assistant explained what had happened with regard to repression of the first grand jury’s report, and sought the foreperson’s input concerning whether it would be appropriate to show the first grand jury’s report to the second grand jury. The foreperson advised that she thought it would be appropriate, and to that end, she appeared during the first session of the second grand jury and read the report to the newly empaneled grand jurors. Mr. Blair and his assistant left the grand jury room after introducing the foreperson to the second grand jury. The foreperson of Grand Jury I remained with the second grand jury for an hour. After the foreperson left, the second grand jury deliberated only a few moments, then called Mr. Blair into the room and an *250 nounced that the jurors felt they should investigate further into the matter.
Another session of Grand Jury II was empaneled, and Mr. Blair issued subpoenas directing various witnesses to appear to give testimony. Mr. Blair summarized the testimony of the witnesses called, and stated that in addition to testimony, items of physical evidence were presented to the grand jury. After two days of testimony, it was determined that Grand Jury II would issue a report, using the report of Grand Jury I as a framework. Mr. Blair said the jurors rejected the first draft of the report he prepared and that the draft report was revised three or four times. At the conclusion of Mr. Blair’s testimony, respective counsel argued the question whether, as a matter of law, the state had carried its burden to show that disclosure of the first grand jury’s report did not significantly infringe upon the second grand jury’s ability to exercise its independent judgment.
The trial court found the state’s evidence insufficient to meet the test established by this court, i.e., that the second grand jury’s report was supported by independent judgment and was not significantly infringed upon by the first grand jury’s report. When Judge Peach learned that the individual seeking repression of the report would not put on a case, he stated that the court would call witnesses, and would give the grand jurors an opportunity to testify before the court, if they chose to do so. The order subsequently issued by the trial court reflects that after numerous attempts to schedule the proposed hearing, respective counsel had conflicts with each proposed date. The trial court then abandoned the attempt to take further evidence, and issued its order repressing the report of Grand Jury II.
The state’s first argument is directed to the trial court’s determination that the state, rather than the individual challenging the report, had the burden to show that the second grand jury’s report was supported by evidence independent of the first grand jury’s report. Authority for repression of the report of a grand jury is set forth in section 905.28, Florida Statutes, which provides:
(1) No report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given 15 days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.
(2) Any such motion, whether granted or denied, shall automatically act as a stay of public announcement of such report, or portion thereof, until the circuit court’s ruling on the motion is either affirmed or denied by the district court of appeal or, if no appeal is taken, until expiration of the period within which an appeal could have been taken.
Thus, the statute affords certain protections to those persons whcj have been made the subject of criticism by a grand jury, but who, by the very nature of grand jury proceedings, have not had the opportunity to challenge witnesses or be represented by counsel. See Miami Herald Publishing Co. v. Marko, 352 So.2d 518, 520 (Fla.1977).
No record was made of the grand jury proceedings in this case, and grand jury proceedings are secret by statute. Since the state controlled the evidence presented to the grand jury, it was clearly in a better position than appellee to show whether the second grand jury’s report was supported by evidence independent of the first grand jury report. Therefore, it appears the trial court appropriately placed the burden of proof on the state. See, generally, United States v. Continental Insurance Co., 776 F.2d 962, 964 (11th Cir.1985).
The state’s second argument concerns whether the report of Grand Jury II was supported by independent evidence. In its prior opinion regarding this matter, this court analogized the procedure employed by the state in this case to that used by the government in United States v. Phillips, 664 F.2d 971 (5th Cir.1981) and United States v. Malatesta, 583 F.2d 748 (5th Cir.1978). In Phillips, the court found *251 that presentation to an indicting grand jury of a summary of the evidence presented by the government to a prior grand jury, constituted a technical violation of Rule 6(e), because it occurred prior to obtaining a court order. However, a review of the testimony of the witnesses appearing before the indicting grand jury convinced the court that there was sufficient evidence, independent of the improperly disclosed material, from which the indicting grand jury could find probable cause for each of the counts returned against each of the appellants.
Similarly, in Malatesta, attorneys for the government read the transcript of testimony given before a grand jury in Miami to a grand jury sitting in Fort Lauderdale. Although noting that this procedure is not sanctioned by Rule 6(e) without a court order, the court found such improprieties could be enforced by a contempt citation, and did not warrant dismissal of a grand jury indictment.
In the instant case, unlike the circumstances which obtained in Phillips and Malatesta, the trial court was unable to review either the testimony of witnesses appearing before the grand jury or to read a summary of the evidence presented to a prior grand jury. Instead, the only evidence available to the trial court was Mr. Blair’s oral summary of the witnesses’ testimony, and the items of physical evidence which had been submitted to the grand jury. Although both parties to this appeal suggest that resolution of the question turns on Mr. Blair’s credibility, such does not appear to be the case. Rather, the question posed by this court in its prior opinion was whether the second grand jury’s report was supported by evidence independent of the disclosure of the first grand jury’s report. According full deference to Mr. Blair’s recollection of the testimony, we are unable to say that the trial court abused its discretion in finding that the evidence before the court was not sufficient to establish that the second grand jury’s report was free from the substantial influence of the first grand jury’s report. See Bank of Nova Scotia v. United States, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).
The state’s third argument is directed to the ability of the second grand jury to exercise its independent judgment. In the instant case, the evidence consisted of: (1) Mr. Blair’s testimony summarizing the sworn testimony of five witnesses who appeared before the second grand jury, (2) documentary evidence presented to the second grand jury, (3) Mr. Blair’s testimony as to the views expressed by the jurors, and (4) Mr. Blair’s testimony that the first draft he prepared of the report was rejected by the grand jurors, and that the final report was issued after three or four revisions. In addition to the foregoing, Mr. Blair testified that the first grand jury heard testimony from twelve or more witnesses. The record reflects that the five persons testifying before the second grand jury also testified before the first grand jury. In the circumstances, the reading of the first grand jury’s report to the second grand jury provided the second grand jury with both a summary of the evidence, as well as the conclusions drawn by the first grand jury with regard to the evidence it [the second grand jury] was about to hear.
It appears that Mr. Blair’s testimony could support an inference that, to a certain degree, the second grand jury exercised independent judgment. Such inference is suggested in light of Mr. Blair’s testimony that the second grand jury rejected the first proposed draft of the report, and that the draft report underwent three or four revisions before it was accepted by the second grand jury. Despite this evidence of a certain degree of independent judgment, we conclude that the act of reading to the second grand jury the report of the first grand jury, which report included the conclusions drawn by the first grand jury, could be regarded as infringing upon the ability of the second grand jury to exercise its independent judgment. Therefore, we find the trial court did not abuse its discretion in finding that the state failed to establish that disclosure of the first grand jury’s report did not significantly infringe on the ability of the second grand *252 jury to exercise its independent judgment, or that its report was supported by independent evidence.
Accordingly, the order repressing grand jury report is affirmed.
BOOTH, JOANOS and ZEHMER, JJ., concur.