652 P.2d 754

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Dale BIGLER, Defendant-Appellee.**

**No. 5657.**

Court of Appeals of New Mexico.

Sept. 9, 1982.

Certiorari Denied Oct. 20, 1982.

Jeff Bingaman, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Nancy Hollander, Freedman, Boyd & Daniels, P.A., Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Judge.

The State appeals the trial court's dismissal, without prejudice, of a two-count indictment for distribution of over 100 pounds of marijuana. The grounds for the dismissal were a sixty-five second blank in a recording of the grand jury proceedings upon which the indictment was based. The silence occurred at the beginning of the testimony of a witness, Rowland. The bailiff testified that the foreman had given the oath to Rowland.[1] He also testified that the void in the tape was due to trouble "with the jack on the mixer." Rowland's entire testimony was six minutes in length.

Rowland was a neighbor of defendant. His testimony, after the silence on the tape, concerned the events that he heard and saw on the day the law enforcement authorities flew over defendant's land where the marijuana was discovered. Rowland stated he could not tell who was on defendant's land, but he heard the tractors running. Rowland died prior to the hearing on the motion to dismiss the indictment.

Was the dismissal of the indictment required for statutory or constitutional reasons? Our answer is in the negative.

### Statutory Reason

■ The defendant contends that the *per se* prejudice rule of *Davis v. Traub,* 90 N.M. 498, 565 P.2d 1015 (1977), applies to this case and, in fact, to any case where grand jury procedures mandated by law are not followed. Thus, the defendant argues, since the sixty-five second gap in the recording of the grand jury proceeding violated § 31-6-8, N.M.S.A.1978 (1981 Supp.), which requires that the oral testimony heard by the grand jury "shall be reported verbatim", the indictment must be dismissed and that no actual prejudice to defendant from the hiatus need be demonstrated. This interpretation of *Davis v. Traub, supra,* proposes the extension of the *per se* prejudice rule from situations involving the presence of unauthorized persons

during grand jury proceedings to the failure to comply with the recordation requirement of a grand jury proceeding.

The *per se* prejudice rule first appeared in New Mexico case law in *State v. Hill,* 88 N.M. 216, 539 P.2d 236 (Ct.App.1975). In that case, an attorney retained by the father-in-law of the homicide victim was appointed as special prosecutor and in that capacity assisted the district attorney in presenting the case to the grand jury. We held that the defendant need not show actual prejudice in order to have the indictment quashed. Prejudice was presumed from the fact of the unauthorized presence before the grand jury.

The Supreme Court incorporated the *per se* prejudice rule in *Davis v. Traub, supra,* which involved the presence of unauthorized persons in the grand jury room during a proceeding. The *per se* prejudice rule, however, has not been extended beyond the situation of an unauthorized presence in the grand jury room.

There is language in *Baird v. State,* 90 N.M. 667, 568 P.2d 193 (1977), a case also involving an unauthorized presence in the grand jury proceedings, which indicates that other statutes governing grand jury proceedings should "be rigorously observed and strictly enforced." We feel, however, that that language must be read in light of *State v. Chance,* 29 N.M. 34, 221 P. 183 (1923), and its progeny. There, the Supreme Court stated:

> We think the statutes referred to. [sic] governing the kind, character, and degree of evidence which should be produced before a grand jury in order to warrant the returning of an indictment, are directory and are for the guidance of the grand jury. To be sure, they should be followed, and members of the grand jury, as well as district attorneys, should endeavor to comply with their provisions, but we think the findings of such grand jury, when made by and through an indictment, duly returned into court, and regu-

---

1. The entire grand jury proceeding is contained in six sixty-minute tapes. The sixty-five second blank constituted approximately .2% of the entire recording.

lar upon its face, are, with respect to the kind and degree of evidence upon which it was returned, conclusive, and that the courts are without power or jurisdiction to inquire into the subject and review the testimony submitted to the grand jury to determine whether or not the required kind or degree of evidence was submitted.

Thus, the *per se* prejudice rule has had a limited application, and for good reason. The policy behind § 31–6–4, N.M.S.A.1978 (1981 Supp.), and its predecessor rule, § 41–5–4, N.M.S.A.1953, regarding who can be present in the grand jury room, goes to the very heart of the grand jury system.

The grand jury is our system's foundation for the protection of individual rights. ... The cloak of secrecy which has for centuries surrounded its sessions is designed to protect not only the jurors and witnesses, but to safeguard as well the interests of the state, the accused, and society as a whole.

*Baird v. State, supra.* Clearly, the presence of unauthorized persons in a grand jury proceeding jeopardizes the basic purpose of the proceeding and opens the door to a number of potential abuses.

*Davis v. Traub, supra,* described the wrong [presence of unauthorized person in the grand jury proceeding] as the violation of a substantial right which is guaranteed by the Bill of Rights and is not a mere failure of the grand jury to observe technical requirements and formalities. Failure to comply with the statutory recording requirement in this case falls within those technical requirements and formalities.

Accordingly, the *per se* prejudice rule is inapplicable under the facts of this case. No actual prejudice having been found either, there is no statutory ground for dismissal of the indictment.

### Constitutional Reason

We have not been cited to, nor have we found a case which holds that a defendant's right to confront witnesses against him has been denied by virtue of a failure to record the grand jury proceeding. There are several cases, however, which hold to the contrary. *See,* Annot. 25 A.L.R.Fed. 723, § 4b (1975).

Having held that there was no *per se* prejudice and the trial court having found no actual prejudice, we follow our reasoning in *State v. Martinez,* 97 N.M. 585, 642 P.2d 188 (Ct.App.1982), which required a finding of actual prejudice to make out a case of deprivation of due process.

We have considered defendant's other arguments and find them to be without merit.

Reversed.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.