671 P.2d 38

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Bill Jake PENNER, Defendant-Appellant.**

No. 7135.

Court of Appeals of New Mexico.

Sept. 20, 1983.

Harold Worland, Albuquerque, for defendant-appellant.

Paul Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

NMSA 1978, § 31–6–12(A) (Cum. Supp.1983), provides that a witness subpoenaed to appear before a grand jury shall be given thirty-six hours' notice unless a district judge specifically approves a shorter period. *Rogers v. State,* 94 N.M. 218, 608 P.2d 530 (Ct.App.1980), held that the thirty-six hours' notice provision applies to the target of a grand jury investigation. Defendant was given notice that he was a target, but was not given thirty-six hours' notice. Defendant moved that the grand jury indictment be dismissed because the thirty-six hours' notice requirement was not met. The trial court denied the motion. We granted an interlocutory appeal to consider the meaning of an amendment to NMSA 1978, § 31–6–11(B) (Cum.Supp. 1983), enacted in 1981 and applicable to this case. *See* Laws 1981, ch. 238, § 1.

Prior to the 1981 amendment, § 31–6–11(B) provided that the prosecutor was not required to notify the target if "the prosecutor is unable with reasonable diligence to notify said person." *See* Laws 1979, ch. 337, § 8. This avoidance of the notification requirement applies to the thirty-six hours' notice provision. The 1981 amendment provides:

A showing of reasonable diligence in notifying the target by the prosecutor is not required unless and until the target establishes actual and substantial prejudice as a result of an alleged failure by the prosecutor to exercise reasonable diligence in notifying the target of his target status before the grand jury.

The trial court found that defendant was not actually and substantially prejudiced by receiving less than thirty-six hours' notice of his target status. Defendant contends this was erroneous; he presents two arguments.

First, defendant reminds us that he was entitled to thirty-six hours' notice. "The mere fact that the defendant wanted to testify and was unable to do so, because of the inadequate notice, shows that he has been prejudiced." Thus defendant argues for a *per se* rule. A *per se* approach for dismissal of an indictment was rejected in *Buzbee v. Donnelly,* 96 N.M. 692, 634 P.2d 1244 (1981). Further, the statutory requirement that the target establish actual and substantial prejudice negates a *per se* approach.

Second, defendant was indicted for vehicular homicide on the basis of unlawful oper-

ation of a motor vehicle while under the influence of intoxicating liquor or drugs. An investigating officer told the grand jury of defendant's claim that he had the "green light" when he entered the intersection. Defendant points out there was no testimony presented to the grand jury "on behalf of the defendant relative to defendant's alleged driving while intoxicated." Defendant contends: "The grand jury should have been given the opportunity to listen to the defendant's testimony concerning the accident. Only the defendant himself could testify as to the events culminating in the death of the other driver." The question is whether defendant was actually and substantially prejudiced because the grand jury did not hear defendant's version of the accident.

The prejudice with which § 31–6–11(B) is concerned is prejudice in charging criminal conduct on the basis of probable cause. *Buzbee v. Donnelly.* Trial has not been reached; trial prejudice is not involved. *See Maldonado v. State,* 93 N.M. 670, 604 P.2d 363 (1979).

Because the prejudice involved is prejudice to the defendant in the bringing of a criminal charge, defendant's burden is to establish that his missing testimony would have changed the vote of the grand jury on the issue of probable cause. *Buzbee v. Donnelly.* The trial court found that defendant was not prejudiced, thus finding that defendant did not meet his burden. In considering whether the trial court erred, we look to the entire record of the grand jury proceedings. *See Buzbee v. Donnelly.* The trial court could properly find, from the entire testimony before the grand jury, that prejudice was not established. The fact that defendant did not testify before the grand jury, because of short notice, does not in itself establish prejudice. *Compare State v. Duran,* 91 N.M. 756, 581 P.2d 19 (1978).

The order denying the motion to dismiss the indictment is affirmed.

IT IS SO ORDERED.

LOPEZ and BIVINS, JJ., concur.