731 P.2d 979

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**James I. WEISS, D.D.S.,
Defendant-Appellant.**

**No. 9496.**

Court of Appeals of New Mexico.

Dec. 16, 1986.

Certiorari Denied Jan. 26, 1987.

James K. Gilman, Gilman, Maguire & Martinez, Albuquerque, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Gail Mac-Questen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Defendant applied for an interlocutory appeal from an order denying his motion to quash an eighty-three-count indictment returned by the grand jury on August 8, 1986. We granted the appeal to review the question of whether the grand jury, in conducting its hearing beyond the usual business hours of the court, violated NMSA 1978, Section 31-6-4(A) (Repl.Pamp.1984), thereby requiring dismissal of the indictment. We hold it did not under the circumstances of this case, and affirm.

Dr. James I. Weiss, the target of the grand jury, is an Albuquerque dentist. He was accused by the grand jury of seventy-five counts of making or permitting a false claim for reimbursement for public assistance services, four counts of fraud, three counts of battery and one count of racketeering.

Judge Rebecca Sitterly convened the grand jury at 8:30 a.m. on August 7, 1986. It began considering allegations against Weiss at approximately 2:30 p.m. and returned a true bill at 2:12 a.m. on August 8, 1986.

In opening remarks to the grand jury, the district attorney noted that witness testimony would require a minimum of four hours exclusive of Weiss' testimony. The district attorney reminded the grand jury that this matter need not be indicted at one session, if that were the result, but the decision would be left to the grand jury. At 5:00 p.m., Judge Sitterly went home and was thereafter unavailable because she left on vacation.

At 9:45 p.m., Weiss' counsel protested the late hour of the grand jury's proceedings. He argued that the late proceedings contradicted Section 31-6-4(A) because court business hours had long since ended. Upon advice from the district attorney, defense counsel contacted Judge Rozier Sanchez for a ruling on the matter. Judge Sanchez declined to rule at that time but stated that if a true bill were returned, he would entertain motions in the morning regarding the grand jury's conduct. The foreman of the grand jury contacted District Attorney Steven Schiff and Judge Sanchez at home sometime between 10:30 p.m. and 11:00 p.m. Judge Sanchez told the foreman that the grand jury has the power to decide whether to proceed with its hearing or reconvene at another time. Mr. Schiff agreed with Judge Sanchez and advised the foreman to allow Weiss' counsel to read his objections into the record.

The foreman advised all counsel that the grand jury had considered a continuance three times during the course of the hearing. He stated the grand jurors' position as follows: (1) they unanimously decided not to recess until they returned a no bill or true bill; (2) they believed they could render a proper and fair decision; (3) they realized that if they continued the hearing to a later date, it would be three to four weeks before the required same twelve jurors could reconvene; and (4) the case was too complex to recall testimony and documents at a later date. The grand jury also unanimously decided that it was still within the "usual business day" from the time it convened; that the foreman had the power and authority to convene the grand jury during the regular hours of the court, which he had done; that the foreman had contacted Judge Sanchez for guidance; and, citing NMSA 1978, UJI Crim. 60.00 (Repl.Pamp.1982), that the grand jury was "subject to no other supervision or control from any person, office or body."

Weiss testified from approximately 11:30 p.m. until approximately 1:45 a.m. on August 8, 1986. The grand jury returned a true bill against him at 2:12 a.m. Weiss argues that the extended grand jury session substantially violated his rights, contrary to Section 31-6-4(A).

Section 31-6-4(A) reads in pertinent part: "A grand jury *shall conduct its hearing* during the *usual business hours* of the court *which convened it.*" (Emphasis added.) UJI Crim. 60.00 reads in pertinent part: "*The foreman* of the grand jury *shall convene* the grand jury *during the*

*regular hours of this court."* (Emphasis added.)

■ Although the language of Section 31–6–4(A) requires the grand jury to conduct its hearing during the usual business hours of the court, a distinction must be made between the business hours of the judge who convenes the grand jury and the business hours of the court. Because a particular judge is unavailable after 5:00 p.m. does not make access to the court impossible. Judges frequently extend the usual hours of the court to accommodate deliberating juries, and to sign warrants and special orders requiring immediate intervention by the court. Although the circumstances here prevented the grand jury from contacting Judge Sitterly, it had access to Judge Sanchez.

UJI Crim. 60.00 also provides that the court will be available to offer guidance and assistance. Although Judge Sanchez was at home, he assisted the grand jury foreman by telephone. Judge Sanchez did, however, find that UJI Crim. 60.00 conflicted with Section 31–6–4(A).

■ We need not reach the question of whether particular portions of Section 31–6–4(A) and UJI Crim. 60.00 conflict. Our inquiry focuses on whether the supposed conflict resulted in prejudice to Weiss. Directions in a statute which are not the essence of things to be done are not commonly considered mandatory, particularly where failure to comply does not result in prejudice. *State v. Lindwood*, 79 N.M. 439, 444 P.2d 766 (Ct.App.1968).

■ Weiss argues that he was denied due process when the grand jury remained in session beyond the usual hours of the court. He claims that while two minutes may not result in a substantial violation, eight hours does. Weiss claims that because a substantial violation of his procedural due process rights occurred, he need not show prejudice. We disagree and conclude that the extended session of the grand jury was not a substantial violation of Weiss' rights and that he must show

actual prejudice in order to dismiss the indictment.

Violation of a substantial right guaranteed by the Bill of Rights occurs in such instances as the presence of an unauthorized person in the grand jury room. *Davis v. Traub*, 90 N.M. 498, 565 P.2d 1015 (1977). Such an unauthorized presence requires dismissal of the indictment without the necessity of showing prejudice. *Id.* Thus, the court in *Davis v. Traub* established a per se prejudice rule, which has not been extended beyond the facts of that case. Although Weiss does not contend directly that the per se prejudice rule applies to him, he argues for a proper balance in the "substantial right/mere technicality dichotomy." The gist of his argument suggests that we presume prejudice for substantial violations of rights.

■ Once we decline to find a substantive violation of rights, the target of a grand jury investigation must show that he was prejudiced by procedural violations of the statute before the indictment against him will be dismissed. *See State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App. 1982). The extended grand jury session falls more within the technical requirements and formalities discussed in *State v. Bigler*, 98 N.M. 732, 652 P.2d 754 (Ct.App. 1982). In *State v. Bigler*, this court considered whether to apply the per se prejudice rule to a sixty-five-second gap in the recording of a grand jury proceeding. We determined that per se prejudice did not apply because no violation of a substantial right occurred. Instead, we required a finding of actual prejudice to justify dismissing the indictment. That rule has not changed. Actual prejudice is still the appropriate standard in considering whether a target's constitutional rights before the grand jury have been denied. *State v. Martinez.* If a party shows actual prejudice, then the technical violation rises to the level of a violation of due process, justifying dismissal of the indictment. *Id.; State v. Bigler.*

Here, Weiss failed to show prejudice. In fact, he erroneously contends that no such

showing should be required. We disagree. *See State v. Penner*, 100 N.M. 377, 671 P.2d 38 (Ct.App.1983). While we do not encourage eighteen-hour meetings by a grand jury, we find that the length of the meeting in this case did not deprive defendant of due process of law. Because of the number of counts required to be considered by the grand jury and the complexity of the charges, we find no error in the actions of the grand jury. Absent a showing of prejudice, we hold that the trial court properly denied Weiss' motion to quash the indictment.

IT IS SO ORDERED.

DONNELLY and FRUMAN, JJ., concur.