805 P.2d 86

STATE of New Mexico,
Plaintiff–Appellee,

v.

CHAMA LAND & CATTLE COMPANY,
Defendant–Appellant.

STATE of New Mexico,
Plaintiff–Appellee,

v.

Leo L. SMITH, Richard O. Skrondahl, Paul E. Rector, Kerry Lane Smith, a/k/a A. Bud Smith, Virinio Martinez, a/k/a V.R. Martinez, Randall Fred Pettingill, and Gary R. Harris, Defendants–Appellants.

No. 12455.

Court of Appeals of New Mexico.

Dec. 6, 1990.

Certiorari Denied Jan. 17, 1991.

John M. Paternoster, Sp. Asst. Dist. Atty., Game & Fish Dept., Santa Fe, for plaintiff-appellee.

Ron Koch, Albuquerque, for defendants-appellants.

OPINION

MINZNER, Judge.

Defendants appeal from the trial court's decision denying their motion to quash indictments brought against them. Defendants contend that the indictments were defective because one of the jurors was not a registered voter. The facts are not in dispute, and the application of legal principles to those facts is clear. Under these circumstances, there is no need to assign this case to a briefing calendar. *See Garrison v. Safeway Stores*, 102 N.M. 179, 692 P.2d 1328 (Ct.App.1984). We affirm.

BACKGROUND.

After the defendants were indicted, they found out that the grand juror in question ("the juror") no longer lived in the voting precinct where she last registered to vote. She originally registered to vote in Vallecitos in April 1974. She moved to a different voter precinct in Espanola in June 1985. She did not apply for a change of registered addresses, which is apparently a

requirement in Rio Arriba County; she did not reregister in the Espanola precinct; and she did not vote in the 1988 elections.

Because the juror's name did not appear in the voter poll book for the Vallecitos precinct, the county sent her a notice of pending cancellation of her Vallecitos registration. She did not respond to this notice. Due to her failure to respond, the juror's name appeared on a list of persons the county was to purge from the registered voter list. The county electronically removed her name from the list.

The county clerk should have removed the juror's registration affidavit from the county register. NMSA 1978, § 1-4-32 (Cum.Supp.1990). However, there is no evidence that the county clerk did so.

A grand jury indicted defendants on various criminal counts. Defendants moved to quash the indictments, arguing that the juror was not qualified to sit on the grand jury. The trial court denied the motion to quash. Defendants applied for interlocutory review. We granted the application and assigned this matter to the summary calendar, proposing affirmance in two calendar notices.

DISCUSSION.

Every person who is a "qualified elector" is eligible for service as a grand juror. NMSA 1978, § 38-5-1 (Repl.Pamp.1987). New Mexico Constitution article VII, Section 1, states that electors must meet certain competence and residence requirements to be qualified.

NMSA 1978, Section 1-1-4 (Repl.Pamp. 1985) defines a "qualified elector" for purposes of the election code. Section 1-1-4 states that a "qualified elector" means any person who is qualified to vote under the provisions of the United States and New Mexico constitutions.

Defendants do not question the juror's competence under the constitution. Further, the evidence was that the juror lived in her precinct for much more than the time article VII, Section 1 requires for qualification as an elector. Under the constitution the juror may not have been a qualified elector in the Vallecitos precinct,

the precinct of her most recent voter registration. However, under the constitution she was a qualified elector in the Espanola precinct where she resided at the time she served on the grand jury.

■ NMSA 1978, Section 1-1-5 (Repl. Pamp.1985) indicates that at least for some purposes a qualified elector is distinct from a voter. Section 1-1-5 states that a "voter" means any "qualified elector" who is registered under the provisions of the Election Code. Thus, a "qualified elector" becomes a "voter" upon proper registration. Section 1-1-5 supports a conclusion that the juror did not have to be a properly registered voter to be a qualified elector.

■ We hold that a juror has only to meet the requirements of New Mexico Constitution article VII, Section 1 to be a qualified elector under Section 38-5-1, and therefore to be qualified to serve as a grand juror. *See* § 1-1-4; *cf.* § 1-1-5. We also hold that the juror was a qualified elector under article VII, Section 1 and Section 38-5-1, and thus was properly seated on the grand jury which indicted defendants. *See* N.M. Const. art. VII, § 1.

We note, however, that even if the juror was not properly seated on the grand jury due to her voter registration difficulties, we would not set aside the indictments. Before we could find the indictments to be invalid, defendants would have had to show that the juror's presence on the grand jury prejudiced them. *See* NMSA 1978, § 38-5-2 (Repl.Pamp.1987).

Section 38-5-2 states, in pertinent part, that "[t]he service upon any jury of any person disqualified shall, of itself, not vitiate any indictment found or any verdict rendered by that jury, unless actual injury to the person complaining of the injury is shown." We interpret the statute literally because it is not ambiguous. *See State ex rel. Stratton v. Serna,* 109 N.M. 1, 780 P.2d 1148 (1989).

■ Defendants argue that, if the juror was never qualified to sit on the grand jury, she was never a grand juror whom a government official could disqualify. De-

fendants reason that because the juror was unqualified rather than disqualified, Section 38–5–2 does not apply. We disagree with defendants' analysis.

A "disqualified" juror is one who is the opposite of, or contrary of, a qualified juror. *See Webster's Third New International Dictionary*, p. 642 (P.B. Gove, ed.) (1966) (Defining "dis-" as "opposite of" or "contrary of"). There is no substantive difference between an unqualified juror and a disqualified juror. Neither should be on the grand jury. We can think of no reason why the legislature would make the distinction on which defendants rely.

We therefore hold that Section 38–5–2 applies to a juror never qualified as well as to a juror who was once qualified but is not now qualified. That section applies to the "unqualified" juror in this case. Therefore, a defendant must show prejudice resulting from an unqualified juror's presence on the grand jury before this court will set aside an indictment.

*Davis v. Traub*, 90 N.M. 498, 565 P.2d 1015 (1977), stands for the proposition that the presence of an unauthorized person before the grand jury is presumptively prejudicial to criminal defendants. Defendants argue that under *Davis* even technical defects in grand jury indictments are always presumptively prejudicial. Defendants' reliance on *Davis* is misplaced.

The problems in *Davis* included the presence in the grand jury room of a prosecution investigator and more than one witness at a time. "[T]he raised eyebrows, the tone of voice, [or] the questioning glance" from a prosecution investigator or other witness in the jury room could influence the testimony of the seated witness. *Id.* at 501, 565 P.2d at 1018. The investigator and the other witness polluted the secrecy of the grand jury process in *Davis*. The disruption of the secrecy in turn disrupted the uninhibited, and hopefully truthful, flow of information from witnesses. *Id.*

Under the circumstances here, however, it is not rational to presume prejudice. There is nothing inherently disruptive about the presence of a grand juror who had no preconceived interest in the way the witnesses testified. *Cf. State v. Weiss*, 105 N.M. 283, 731 P.2d 979 (Ct.App.1986); *State v. Bigler*, 98 N.M. 732, 652 P.2d 754 (Ct.App.1982) (upholding indictments when violations of grand jury procedural rules did not result in actual prejudice). We do not believe that *Davis* applies where the "unauthorized" person has been designated as a grand juror in the case and is present in that capacity. *See State v. Weiss*, 105 N.M. at 285, 731 P.2d at 981 ("*Davis v. Traub* established a per se prejudice rule, which has not been extended beyond the facts of that case.").

CONCLUSION.

We conclude that the juror in this case was qualified. We also conclude that even if she was not qualified, defendants were required to show prejudice and have not. Under these circumstances, we affirm the trial court's decision denying defendants' motion to quash the indictments.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.