**Certiorari Granted, September 16, 2011, No. 33,136**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-093**

**Filing Date:  June 28, 2011**

**Docket No. 29,227**

**STATE OF NEW MEXICO,**

　　　　**Plaintiff-Appellee,**

**v.**

**WAYNE BENT,**

　　　　**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**Gerald E. Baca, District Judge (by designation)**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Works L.L.C.
John A. McCall
Albuquerque, NM

for Appellant

**OPINION**

**KENNEDY, Judge.**

**{1}**　　Defendant stands convicted of various counts of criminal sexual contact of a minor and contributing to the delinquency of a minor as a result of which he was sentenced to prison.  Of the many issues he raises on appeal, one defect in the grand jury proceedings deprives the district court of its jurisdiction and is, accordingly, dispositive of all other issues.

1

**{2}**     Defendant was indicted by a grand jury, which was convened on October 3, 2007, and whose statutory term would have ended on January 4, 2008, but for an order extending the statutory term issued verbally by a district judge. Defendant's case was presented to the grand jury on May 20, 2008. Since NMSA 1978, Section 31-6-1 (1983) provides that a "grand jury shall serve for a period of no longer than three months[,]" we hold that this statutory term is a mandatory limitation on the grand jury's jurisdiction. An indictment returned after the grand jury's term expires is void ab initio. Therefore, Defendant's motion to quash the indictment should have been granted, as the grand jury was without legal authority to consider his case and return an indictment. As a result, the indictment issued by the grand jury was void, and the district court did not have jurisdiction to proceed with the trial in this case.

**{3}**     Because our decision renders the proceedings in this matter a nullity ab initio for lack of jurisdiction, we need not address the issues related to motions brought by Defendant concerning the State's manner of conducting the grand jury proceedings, nor matters raised at trial. *See State v. Chacon*, 62 N.M. 291, 293-94, 309 P.2d 230, 231-32 (1957) (holding that a challenge against the court's jurisdiction for lack of an accusation in the form required by the New Mexico Constitution was dispositive of the appeal); *People v. Williams*, 535 N.E.2d 275, 279 (N.Y. 1989) (concluding that because a fundamental defect in the grand jury proceeding rendered it a nullity, there was no need to reach the defendant's contentions regarding other claimed defects arising from the conduct of the state). We reverse the district court and remand this case for entry of an order quashing the grand jury indictment, dismissing this case without prejudice, and discharging Defendant.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

**{4}**     Defendant, the apparent leader of a religious community in northeastern New Mexico, was charged with various crimes centering around what he maintained were religious practices intended to be cleansing ceremonies. The State argued that such practices amounted to criminal sexual contact of minors and contributing to the minors' delinquency. The case was presented to the grand jury of Union County on May 20, 2008. Defendant was indicted and arraigned on the indictment.

**{5}**     There is no dispute in this case as to the facts pertaining to this issue. The grand jury that heard Defendant's case had been convened on October 3, 2007. An almost indecipherable pleading bearing a file stamp from that date appears to have summoned grand jurors for service on November 12, 2007. At the hearing on Defendant's motion to quash the indictment, the prosecutor stated to the court that the grand jury's term had been verbally extended "[sua sponte]" by District Judge Sam Sanchez without the entry of any written order. There is no documentary evidence concerning such an extension, nor does the record contain any explanation as to why the extension was made. We are left to rely on assertions by counsel and the district court that it happened. The parties agree that the grand jury only sat twice, once in November, and again on May 20, 2008. The date in May was beyond

2

three months past the date of any previous grand jury activity.

{6}     Defendant's motion to quash the indictment was heard on August 12, 2008, alleging that, under NMSA 1978, Section 31-6-3(A) (2003), the grand jury was not selected and seated in accordance with the law. Specifically, Defendant alleged that the grand jury had been convened on October 3, 2007, and had convened again on May 20, 2008, in violation of Section 31-6-1, which mandates a maximum period of grand jury service of "no longer than three months."

{7}     The district court responded to the portion of the motion related to the grand jury term by stating that the statute "doesn't provide for any relief if there's a violation." Defendant responded that the remedy for an illegal indictment is that it be "quashed[,] and a new [g]rand [j]ury seated properly." The district court read the annotation to the statute and noted that the annotation indicated that Sections 31-6-1 and 31-6-2 were "merely directory, not mandatory" pursuant to *State v. Garcia*, 110 N.M. 419, 796 P.2d 1115 (Ct. App. 1990), and *State v. Apodaca*, 105 N.M. 650, 735 P.2d 1156 (Ct. App. 1987) (*overruled on other grounds by Garcia*, 110 N.M. 419, 796 P.2d 1115). The court further inquired as to whether a showing of prejudice to Defendant was required before an indictment may be quashed. Defendant responded that the indictment was deficient on its face and should be quashed because the grand jury exceeded its term, the State denied discovery, and the State did not present exculpatory evidence to the grand jury that had been requested by Defendant. The State responded that the district court had already noted that the statute was only advisory in nature. The State then asserted, without citation to the record, that Judge Sanchez had explained to the grand jury that he extended their tenure sua sponte for an additional three months without issuing a written order on the record. The prosecutor, without having them admitted, showed to the court certified pay records indicating the grand jury served on two days.

{8}     The State was aware and informed the district court of case law indicating that an indictment handed down by a grand jury after the expiration of its statutory period would in some states render the indictment "void [ab initio]." The State mentioned that there are such things as "de facto" grand juries that are allowed to proceed past their terms. At the end of the argument, the district court ruled:

> With respect to the first issue, that the [g]rand [j]ury was [empaneled] or served beyond the three[-]months time period as provided by Section 31-6-1, it appears that within that section, there is no remedy provided for a jury that serves longer than its term. And at this point in time, there's been no prejudice shown by . . . Defendant with respect to that issue by itself. And so, the motion to quash with respect to that violation or apparent violation of the statute will be dismissed.
>
> What's more is that even in the constitutional section, Section 14, dealing with the [g]rand [j]ury[,] the right to a [g]rand [j]ury and the

3

convening of a [g]rand [j]ury, . . . there is no time limitation for the service of a [g]rand [j]ury. And then . . . *Apodaca* is a case that tells us that this section, as well as Section 31-6-2 is directory and not mandatory. I will state though that *Apodaca* dealt with not this precise issue, but the issue of the quashing of an indictment based on the discharge of an individual grand juror by the [d]istrict [a]ttorney and replacement of him by an alternate to serve on that case. . . . [E]ven in that situation, . . . which is pretty clearly set out what the process is in the statute, . . . the Court of Appeals has said that that's discretionary or directory and not mandatory. For those reasons, that issue is denied.

## II.    DISCUSSION

{9}    We review the construction of statutes and the legal requirements for convening and maintaining a grand jury as a matter of law under a de novo standard. *State v. Isaac M.*, 2001-NMCA-088, ¶ 4, 131 N.M. 235, 34 P.3d 624.

{10}    The New Mexico Constitution provides that the composition of and process for convening a grand jury be as "prescribed by law." N.M. Const. art. II, § 14 ("A grand jury shall be convened upon order of a judge of a court empowered to try and determine cases of capital, felonious or infamous crimes . . . or . . . may be convened in any additional manner as may be prescribed by law."). The statutory basis for the convening of grand juries has been recognized since at least 1892. *Territory v. Baca*, 6 N.M. 420, 440, 30 P. 870, 864 (N.M. Terr. 1892) (holding that a constitutionally infirm statute could not create a legal grand jury). This is so because, while the existence of grand juries is constitutionally required, the nature of their composition, work, and term are matters enacted by statute. *In re Mills*, 135 U.S. 263, 268 (1890) (holding that in the absence of statute, empowering a court to entertain cases for which grand jury indictment required to charge, a court had no power to charge a crime).

> When an indictment is presented by a grand jury in open court, the presumption is that it is legally presented; that the jurors were properly summoned, legally qualified, and competent, and that the required number, at least concurred in the finding. These facts [are] essential to the lawful finding and presentment[.]

*State v. Rogers*, 31 N.M. 485, 498-99, 247 P. 828, 834 (1926) (internal quotation marks and citation omitted). In this case, the questions are (1) whether the term of the grand jury had expired; and (2) if the term expired, what was the expiration's effect on the validity of the grand jury's indictment of Defendant. Challenges to the validity of the grand jury are specifically limited by statute to three enumerated grounds: (1) the grand jury was not legally constituted, (2) an individual grand juror was not legally qualified to serve as a juror, and (3) an individual juror was a witness against the person indicted. Section 31-6-3; *State v. Laskay*, 103 N.M. 799, 800, 715 P.2d 72, 73 (Ct. App. 1986). It is to the legal constitution

4

of the grand jury that Defendant directs his appeal.

**A.    The Requirement of the Filing of an Indictment or Information is a Constitutional Requirement Upon Which the Jurisdiction of the District Court Depends**

**{11}**    "[A] court obtains no jurisdiction to proceed and render judgment in an action brought without authority." *State ex rel. Attorney Gen. v. Reese*, 78 N.M. 241, 243, 430 P.2d 399, 401 (1967).  The New Mexico Constitution, Article II, Section 14 and the Fifth Amendment to the United States Constitution require the State to file an indictment or information before commencing a felony prosecution. *State v. Chacon*, 62 N.M. 291, 295-96, 309 P.2d 230, 233 (1957); *State v. Ross*, 1999-NMCA-134, ¶ 14, 128 N.M. 222, 991 P.2d 507.  In such cases, the district court has no jurisdiction to try a defendant without an indictment. *Ross*, 1999-NMCA-134, ¶ 15.  The failure of jurisdiction in this regard may not be waived. *Chacon*, 62 N.M. at 295, 309 P.2d at 232-33.  Nor, in the absence of a proper indictment conferring jurisdiction on the district court, may a defendant be sentenced. *Id.* at 296, 309 P.2d at 233.  Thus, if the indictment in this case is void for having been issued by a grand jury that was not empowered to sit, the indictment cannot confer jurisdiction on the court to consider the case and would require dismissal.

**B.    Convening Grand Juries is Governed by Statute**

**{12}**    We pointed out earlier that the way in which a grand jury is convened is left to legislative enactment by our Constitution.  A grand jury is thus "a body provided for by the New Mexico Constitution and by statute[.]" *McKenzie v. Fifth Jud. Dist. Ct.*, 107 N.M. 778, 779, 765 P.2d 194, 195 (Ct. App. 1988).  We consider a statute's plain wording to be the primary, essential source of its meaning and when the statute contains clear and unambiguous language, we are compelled to give effect to that language, refraining from further statutory interpretation. *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73.  As we employ the plain meaning rule, statutes "are to be given effect as written without room for construction unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity[,] or contradiction." *State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064.  We are compelled to construe a statute "according to its obvious spirit or reason." *Id.*  It is our responsibility, "if the meaning of a statute is truly clear—not vague, uncertain, ambiguous, or otherwise  doubtful . . . to apply the statute as written and not to second-guess the [L]egislature's selection from among competing policies or adoption of one of perhaps several ways of effectuating a particular legislative objective." *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994).  In this statute, there is no ambiguity in the Legislature's limitation of the term of a grand jury.  It unequivocally expresses the Legislature's intention to limit the term of a grand jury to "no longer than three months." § 31-6-1.

**{13}**    Section 31-6-1 constitutes the statutory framework applicable to grand juries and

states: "The district judge may convene one or more grand juries at any time, without regard to court terms. A grand jury shall serve for a period of no longer than three months." The Supreme Court, in adopting the Uniform Jury Instructions, uses this construction. The district court judge swears in a grand jury with an oath, which contains the following instruction: "Your term as members of the grand jury expires _____ [Use Note 2] unless you are discharged or excused by the court prior to this time." UJI 14-8002 NMRA. Use Note 2 states: "Members of a grand jury may not serve for a period longer than three months." We read the statute and jury instruction as being in parity, establishing and recognizing in turn that a grand jury cannot by law be convened for a period "longer than three months." *Id.* There is no exception to this mandate contained in the statute, nor provision for an extension of the statutory period. The language is clear and unambiguous.

## C.     Three Months is not Calculated by Counting Actual Days of Service

{14}     The State's briefing points us to no statute or precedent that allows a grand jury to operate legally past its term, and we will not pursue avenues left unexplored by a party. Defendant argues that a grand jury whose term has expired after three months cannot legally return a valid indictment and, thus, the district court was without jurisdiction to try him. The State's first response to this argument is that, although the grand jury was empaneled for seven-and-a-half months at the time it indicted Defendant, it had actually only served two days—November 12, 2007 and May 20, 2008—of the three-month term set by statute. To assert that the grand jury "may have been [empaneled for] six or seven months, but it actually served for only two days, bringing it within the terms of the statute" is untenable. The statute clearly contemplates an end to a grand jury's period of service, yet the State's argument seems to suggest that grand jurors could be empaneled indefinitely until they completed a total of some ninety days of investigation and deliberation. The record indicates that the grand jury was called to service in October 2007, and was directed to appear in the month after it was empaneled. The grand jury heard absolutely nothing from the district court for another six months until recalled in May 2008, to hear Defendant's case. The abandonment of statutory control of a grand jury's term that is inherent to the State's approach here stands in stark contrast to the clear three-month limit. We can find no authority at all that, when Judge Sanchez had "sua sponte" informed the grand jury that its term was to be extended and did not commit his order to writing, he acted pursuant to any lawful authority whatsoever, and the State directs us to none.

{15}     The clear language of the statute limits the term of a grand jury to not more than three months. There being no statutory language for extending the period of a grand jury's service, we hold that, in the absence of any legislative expression to the contrary, a grand jury may not be empaneled to serve under Section 31-6-1 for a period longer than three months. *See State ex rel. Jacobson v. Dist. Ct. of Ward Cnty. Fifth Jud. Dist.*, 277 N.W. 843, 848, 850 (N.D. 1938) (per curiam) (holding that, in the face of a statute limiting the term of the grand jury, an extension of its term by order of a district judge was of no legal effect, and the actions of the grand jury beyond the end of its statutory term were invalid). The grand jury in this case completed its work during the three-month term, making it functus officio

6

thereafter under Section 31-6-1. Because the grand jury's statutory life had ended, the return of the May 2008 indictment was not permissible under the circumstances. To ask it to engage in further work on another matter after the end of its three-month term was beyond the power of the prosecutor or district court. *In re Laurens Cnty. April-June 2001 & July-September 2001 Grand Jury*, 598 S.E.2d 915, 918 (Ga. Ct. App. 2004) (holding that, after the grand jury had completed its statutory term, the court could not reconvene it in a special session). New Mexico has never recognized the de facto grand jury which was suggested below by the State to exist elsewhere. The State did not pursue such an argument on appeal, and we agree with the Idaho Supreme Court which, in rejecting such an argument, stated:

> The grand jury . . . was properly formed and convened. There was no defect, error, or irregularity in the filling of the grand jurors' positions, either at the commencement of the term or at its conclusion. The term of office expired, and thus, the offices and positions of the grand jurors ceased to sustain a legally recognized existence. The grand jurors were not acting as *de facto* officers when they returned [the defendant's] indictment.

*State v. Dalling*, 911 P.2d 1115, 1118 (Idaho 1996) (holding that indictment was void ab initio, requiring dismissal of a criminal case). Here, as in *Dalling*, the grand jury ceased to sustain its legal existence once the statutorily prescribed three-month term expired.

**D.      The Statute is Mandatory on Its Face**

**{16}**    The State's second contention does not argue that the statute is ambiguous, just that it is not "mandatory," but "directory" in nature. As a canon of construction, we regard the word "shall" as mandatory. *Bursum v. Bursum*, 2004-NMCA-133, ¶ 17, 136 N.M. 584, 102 P.3d 651 (internal quotation marks omitted). "It is widely accepted that when construing statutes, 'shall' indicates that the provision is mandatory, and we must assume that the Legislature intended the provision to be mandatory absent [a] clear indication to the contrary." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 22, 146 N.M. 24, 206 P.3d 135 (internal quotation marks omitted). We have previously held that "[d]eviation from a mandatory statute or one intended to prevent fraud and unfounded prosecutions is usually fatal and renders the grand jury illegal and its indictments null and void." *State v. Gunthorpe*, 81 N.M. 515, 517, 469 P.2d 160, 162 (Ct. App. 1970) (internal quotation marks and citation omitted). In this case, it is undisputed that the Union County grand jury that heard this case was convened by the district court on October 3, 2007, and Defendant's case was considered on May 20, 2008, more than seven months and two weeks later. If Section 31-6-1 sets three months as a mandatory maximum term for a grand jury to sit, then the grand jury returned its indictment of Defendant three months after they ceased to have any legal existence and, accordingly, the indictment must be declared void.

**{17}**    On appeal, the State cites solely to *Apodaca* for authority. *Apodaca* is inapposite,

7

as it deals with neither of their arguments.  Rather than dealing with the statutory term of the grand jury, *Apodaca* dealt with how qualified grand jurors are substituted once a grand jury is empaneled.  105 N.M. at 652-53, 735 P.2d at 1158-59.  The case involved a challenge of the release and replacement of a grand juror by a prosecutor where the statute provided that the district court was to perform that function.[1]  Our holding concerning provisions of the statute regards as mandatory those provisions relating to the composition of the grand jury—the required number and qualification of grand jurors when the grand jury is convened—but considers provisions concerning "those which prescribe details as to the manner of selection or drawing [as] usually . . . directory." *Id.* at 653, 735 P.2d at 1159. *Apodaca* thus supports *Laskay*'s holding that a failure to convene a legally constituted grand jury transgresses a mandatory precondition to the empaneling of a grand jury.

{18}    Statutory provisions concerning the nature of what is fundamental in empaneling, convening, and providing structure to the grand jury are thus generally mandatory, and provisions concerning its administration once empaneled are directory.  In *State v. Ulibarri*, 1999-NMCA-142, ¶¶ 8, 15-25, 128 N.M. 546, 994 P.2d 1164, we held that compliance with the statutes, requiring the preparation of a verbatim record of grand jury proceedings, setting the number of concurring jurors necessary to issue an indictment, and requiring instruction of the grand jurors on the record concerning the elements of offenses they were considering, were mandatory preconditions to an indictment.  There, statutes mandated the existence of an adequate record of the proceedings and proper instruction on the law and ensured the overall legal adequacy of the process of the grand jury's work as protecting "the very heart of the grand jury system[.]" *Id.* ¶ 15.  When a person appeared to prosecute before the grand jury who was not properly authorized by statute to do so, we held that the violation of the mandatory statute compelled dismissal of the indictment. *State v. Hollenbeck*, 112 N.M. 275, 276-78, 814 P.2d 143, 144-46 (Ct. App. 1991).  We have recognized that a "technical violation" of NMSA 1978, Section 31-6-4(A) (2003), requiring a grand jury to convene during the business hours of the court, did not require dismissal of the indictment.  *State v. Weiss*, 105 N.M. 283, 285-86, 731 P.2d 979, 981-82 (Ct. App. 1986).  However, *Weiss* involved a grand jury continuing their work until two in the morning during their regular term and not being brought back and convened by the district court more than three months after their statutory term expired. *Id.* at 284, 731 P.2d at 980.  In fact, *Weiss* contrasted the statute requiring work during "business hours" as a "direction" for how to do the work as opposed to "the essence of things to be done," the latter of which would be regarded as mandatory. *Id.* at 285, 731 P.2d at 981.  We have previously noted that, in a statute where the terms "shall" and "may" occur together, ordinarily it must be concluded that the Legislature was aware of and intended different meanings. *Thriftway Mktg. Corp. v. State*, 114 N.M. 578, 579, 844 P.2d 828, 829 (Ct. App. 1992) (internal quotation marks omitted).  Here, the Legislature unequivocally stated that the grand jury's term of service shall not exceed three months.  Other provisions in the statute are directed to the operation of the

---

[1]A similar issue arises in this case, as a grand juror was apparently aware of a Children, Youth & Families Department investigation into the religious community of which Defendant was the leader.  We do not address it here.

8

grand jury once convened. As in *Weiss* and *Apodaca*, these terms have nothing to do with the legal existence of the grand jury body and are directory. Accordingly, we conclude that the language in the statute, restricting the term of the grand jury to three months, is central to the legal constitution and empanelment of the grand jury and, hence, a mandatory requirement.

{19} Returning to the State's argument, its contention that three months' service can be parceled out almost infinitely until three months' actual time is spent by the grand jury in the grand jury room offends the plain-language rule, its disparagement of using statutory language to obtain absurd results, and the universal practice of limiting the terms of grand juries. Even in states that provide for extending a grand jury's service, there is no provision for a grand jury to consider new matters not taken up during its original term. To allow a grand jury to be called back for a day or two until about ninety days' service was eked out by the State, as it asks us to hold, offends the underlying idea inherent to the function of the grand jury as protecting the interests of justice. We are in accord with the Court of Appeals of New York, which reasoned that statutes limiting grand jury terms are intended to prevent hold-over grand juries from considering any new matters "eliminat[ing] the danger of 'vestpocket' [g]rand [j]uries" that could become the captives of courts or prosecutors. *Williams*, 535 N.E.2d at 278-79 (citation omitted).

**E.      Obtaining an Indictment After the Grand Jury's Term Expires Results in an Indictment That is Void Ab Initio and Confers No Jurisdiction to Try Defendant**

{20} Other jurisdictions that set specific terms for their grand juries have held them to have no power after the expiration of their terms. *United States v. Fein*, 504 F.2d 1170, 1173 (2d Cir. 1974). Under federal law, "an indictment returned by a grand jury sitting beyond its legally authorized time is a nullity." *Id.* at 1177. "The uniform rule is that in the absence of statute to the contrary the grand jury is discharged by operation of law at the end of the term of court for which it was called." *State ex rel. Adami v. Lewis & Clark Cnty., Dist. Ct. of First Jud. Dist.*, 220 P.2d 1052, 1058 (Mont. 1950); *Grand Jury Law and Practice* § 4:12 (2d ed. 2010).

{21} We therefore construe the statute in this case as unambiguously mandatory in limiting the term of grand juries to not more than three months. We are provided with no legislative history, but note that, in most other jurisdictions, the terms of grand juries are limited by statute, and we impute what we know of their intent in limiting grand jury terms to our situation in New Mexico. The policy considerations employed elsewhere are illustrative of why a limited term of service is considered mandatory elsewhere, and why we have come to regard it as such in this case.

{22} "The concept of limited grand jury existence was based on considerations of infusing new blood into the grand jury at frequent intervals, avoiding the extreme personal sacrifices to jurors extended service would entail, and eliminating the possibility of semi-professional jurors." *Steinbeck v. Iowa Dist. Ct. In & For Linn Cnty.*, 224 N.W.2d 469, 475 (Iowa 1974).

9

The Pennsylvania Supreme Court stated succinctly: "A tendency to establish anything approaching permanency in a grand jury is repugnant to our scheme of government and subversive of individual rights." *Shenker v. Harr*, 2 A.2d 298, 301 (Pa. 1938).

{23} Thus, for a grand jury to act without authorization beyond the term during which it is empowered to sit, is fatal to the indictment. An unauthorized extension of the term of a grand jury beyond its term is a defect which "goes to the very existence of the grand jury itself[.]" *United States v. Macklin*, 523 F.2d 193, 195 (2d Cir. 1975) (internal quotation marks and citation omitted); *United States v. Armored Transp., Inc.*, 629 F.2d 1313, 1316 (9th Cir. 1980) ("Such a defect—that the grand jury lost its power to hand down indictments—is jurisdictional and may be raised at any time."). There is no statutory provision for extending the term of a grand jury in New Mexico contained in Section 31-6-1 or otherwise and, in that absence, we cannot legislate the existence of one. The jurisdiction of any proceeding in which Defendant is charged with a felony depends on the "presentment or indictment of a grand jury." N.M. Const. art. II, § 14. Without a properly constituted grand jury returning a valid indictment charging Defendant with a crime, we hold that the district court was without jurisdiction to proceed against him.

## III. CONCLUSION

{24} The indictment in this case is void because the group of citizens that issued the purported indictment was not a legally constituted grand jury, as it had finished its term some months before and had ceased to exist. Any extension of its term by the district court was undertaken without statutory authority. Legally speaking, there was no grand jury convened in this case. Therefore, there was no indictment under the law in this case to confer jurisdiction on the district court to try, convict, or sentence Defendant. We note that Defendant's acquittal in a court lacking proper jurisdiction did not violate the constitutional prohibitions against double jeopardy and would not in and of itself bar retrial. *State v. Hamilton*, 107 N.M. 186, 188, 754 P. 2d 857, 859 (Ct. App. 1988). "[D]ismissals for failure to comply with the grand jury statutes and rules are of necessity without prejudice." *State v. Ulibarri*, 2000-NMSC-007, ¶ 2, 128 N.M. 686, 997 P.2d 818 (internal quotation marks and citation omitted). Therefore, we remand this case to the district court and instruct that the charges and conviction be set aside without prejudice, the indictment be quashed, and Defendant be discharged from custody.

{25} **IT IS SO ORDERED.**

---
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

---
**JONATHAN B. SUTIN, Judge**

10

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Bent*, Docket No. 29,227**

| | |
|---|---|
| AE | APPEAL AND ERROR |
| AE-RM | Remand |
| AE-SR | Standard of Review |
| | |
| CT | CONSTITUTIONAL LAW |
| CT-NM | New Mexico Constitution, General |
| | |
| CA | CRIMINAL PROCEDURE |
| CA-GJ | Grand Jury |
| CA-QU | Quashing of Indictment |
| | |
| JD | JURISDICTION |
| JD-DC | District Court |
| | |
| ST | STATUTES |
| ST-LI | Legislative Intent |