IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: __**April 2, 2018**__

**No. A-1-CA-35857**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**DARCIE PAREO and**
**CALVIN PAREO,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Sandra E. Gallagher
Portales, NM

for Appellees

**OPINION**

**KIEHNE, Judge.**

{1}     In this case we are called on to decide whether Defendants had a statutory right to testify before the grand jury that indicted them, whether that right was violated, and if so, whether they had to demonstrate prejudice to have the indictments quashed. We hold that Defendants had a statutory right to testify before the grand jury, that their right to do so was violated, and that the failure to allow them to exercise that right was a structural error that required no showing of prejudice. We therefore affirm the district court's order quashing the indictments.

**BACKGROUND**

{2}     This matter is before us on the State's consolidated appeal from the dismissal of grand jury indictments returned against Defendants Darcie Pareo and Calvin Pareo. The district court quashed the indictments against Defendants because they were not allowed to testify before the grand jury, despite their presence and desire to do so. Before the grand jury proceeding, Defendants informed the prosecutor of their desire to testify. Defendants then appeared for the grand jury investigation and again indicated that they wished to testify. The prosecutor assisting the grand jury informed it multiple times of Defendants' presence and desire to testify but did not tell the grand jury that Defendants had a right to testify. The grand jury informed the

prosecutor that it did not wish to hear Defendants' testimony and was ready to begin its deliberations. Defendants were therefore never given the opportunity to testify before the grand jury. The grand jury indicted Defendants on multiple counts of fraud, conspiracy to commit fraud, forgery, racketeering, and conspiracy to commit racketeering.

{3}    Defendants filed a motion to quash the indictments arguing that their right to testify before the grand jury was violated. The district court quashed the indictments, finding that Defendants had a right to testify before the grand jury under NMSA 1978, Section 31-6-11(C)(3) and (4) (2003), Rule 5-302A(B) NMRA, and NMSA 1978, Section 31-6-4(D) (2003); that they were denied their right to testify; and that because the right to testify is a "structural protection," Defendants were not required to demonstrate prejudice. The State appeals.

**DISCUSSION**

**Defendants' Statutory Right to Testify Before the Grand Jury Was Violated**

{4}    The dismissal of an indictment is a matter of law that we review de novo. *State v. Blue*, 1998-NMCA-135, ¶ 5, 125 N.M. 826, 965 P.2d 945. Our holding in this case turns on whether Section 31-6-11(C)(3) and (4) provide grand jury targets a right to testify before a grand jury, and whether *Jones v. Murdoch*, 2009-NMSC-002, 145 N.M. 473, 200 P.3d 523 held that a grand jury may decline to hear that testimony.

{5} We begin with the applicable statute. Section 31-6-11(C) includes a notice provision that requires a prosecutor to inform the target of a grand jury investigation: that he is a target; of the nature and date of the alleged crime being investigated as well as any applicable statutory citations; and of the target's right to assistance of counsel during the investigation. The statute also provides that a grand jury target must be notified of his "right to testify" before the grand jury. Section 31-6-11(C)(3), (4). Additionally, Rule 5-302A(A)(1)(d) requires a prosecutor to notify the target of a grand jury investigation in writing that he has a right to testify. The prosecutor may decline to notify the target only if the district court determines by clear and convincing evidence that notice to the target may result in flight, obstruction of justice, or danger to another person. *See* § 31-6-11(C).

{6} Although Section 31-6-11(C)(3) and (4) are within a notice provision, we conclude that they create a right to testify, because it would make no sense for the Legislature to require the prosecutor to notify the target of the "right to testify" if the Legislature did not also intend for such a right to exist. *Id.*; *State v. Davis*, 2003-NMSC-022, ¶ 13, 134 N.M. 172, 74 P.3d 1064 (observing that appellate courts will not interpret statutes "in a manner that leads to absurd or unreasonable results").

{7} The statute's history also indicates that the Legislature intended to expand a target's ability to testify before the grand jury. As enacted in 1969, and originally

codified as NMSA 1953, § 41-5-11 (1969), the statute contained no provision that granted a target a right to testify. *See* 1969 N.M. Laws, ch. 276, § 11. The 1979 and 1981 amendments to the recodified statute, § 31-6-11, added language providing that "[t]he target shall be notified of his target status and be given an opportunity to testify, if he desires to do so, unless the prosecutor determines that notification may result in flight, endanger other persons, obstruct justice, or the prosecutor is unable with reasonable diligence to notify said person." 1979 N.M. Laws, ch. 337, § 8(B); 1981 N.M. Laws, ch. 238, § 1. In 2003, the Legislature added subsection C, detailing the requirements for giving notice to a target of a grand jury investigation, and specifically providing that the target shall be notified of his "right to testify." *See* § 31-6-11(C)(3), (4).

{8} Here, the right to testify before the grand jury was not afforded to Defendants. Although the prosecutor informed the grand jury that Defendants were present and ready to testify, he did not inform it that Defendants had a right to testify. Evidently under the impression that it could choose whether or not to hear from Defendants, the grand jury declined to hear their testimony. The prosecutor's failure to provide correct and complete advice to the grand jury resulted in Defendants being deprived of their right to testify.

{9} The State argues that under *Jones* the prosecutor assisting the grand jury was not required to present Defendants' testimony to the grand jury, but only had to alert the grand jury to the Defendants' desire to testify, and that it was the grand jury's prerogative to decide whether or not to hear it. We do not agree.

{10} In *Jones*, our Supreme Court considered Section 31-6-11(B), which provides in relevant part that "[a]t least twenty-four hours before grand jury proceedings begin, the target or his counsel may alert the grand jury to the existence of evidence that would disprove or reduce an accusation or that would make an indictment unjustified, by notifying the prosecuting attorney who is assisting the grand jury in writing regarding the existence of that evidence." While resolving the dispute in that case, which concerned a letter proffered by the target, and the parties' disagreement about whether it should have been provided to the grand jury, our Supreme Court observed that "[e]ven if the grand jury judge determines that the grand jury should be alerted to the existence of the evidence, the grand jury remains free to decide not to hear the evidence offered by the target or to hear the evidence and weigh it as it sees fit." *Jones*, 2009-NMSC-002, ¶ 12.

{11} The State seizes on this language and argues that it was also within the grand jury's discretion to decide whether or not to hear Defendants' testimony. We disagree. Our Supreme Court's observation in *Jones* was based on Section 31-6-11(B)'s

5

language requiring only that the grand jury be "alerted to the existence of [potentially exculpatory] evidence" offered by the target. *Jones*, 2009-NMSC-002, ¶ 12; *see id.* ¶ 11 ("Assuming that the target's offer of evidence meets the evidentiary standards set forth by statute, Section 31-6-11(B) only requires that the grand jury be alerted to its existence. We contemplate requiring nothing more."); *see also id.* ¶ 24 ("The provision at issue does not purport to command the grand jury to accept the target's evidence. Instead, the provision simply identifies the prosecutor as the conduit by which a target may alert the grand jury to pertinent evidence. As such, the provision at issue in this case does not diminish the grand jury's prerogative to weigh the evidence before it as it sees fit in making an independent decision whether to indict. Indeed, the grand jury is not even required to hear the evidence once it is made aware of its existence.").

{12} By contrast, Section 31-6-11(C)(3) and (4) recognize that targets have a "right to testify," not merely a right to alert the grand jury that they would like to testify. As used in this context, the word "right" means "[a] power, privilege, or immunity secured to a person by law[.]" *Black's Law Dictionary* 1517 (10th ed. 2014). We therefore conclude that Section 31-6-11(C) provides a target with the power to choose whether to testify, and does not provide the grand jury with any power to decline to hear a target's testimony. Likewise, if a target expresses a desire to testify, the

prosecutor must advise the grand jury that the target has a right to do so.

{13} Having held that a grand jury target has a statutory right under Section 31-6-11(C)(3) and (4) to testify before a grand jury, we need not address the district court's ruling that Section 31-6-4(D), which provides that the target's attorney may accompany him while testifying, also creates a right to testify. Nor will we consider Defendants' argument that their right to testify before the grand jury is a substantive due process right under the United States and New Mexico Constitutions. *See Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so." (internal quotation marks and citation omitted)).

**Defendants Were Not Required to Show Prosecutorial Bad Faith or Prejudice Because the Failure to Allow Defendants to Testify Before the Grand Jury Was a Structural Defect in the Grand Jury Proceeding**

{14} Our Supreme Court has explained that "[c]hallenges arising from grand jury proceedings ordinarily fall into two categories: (1) challenges to the quality or sufficiency of the evidence before the grand jury and (2) structural challenges involving the manner in which the grand jury process has been conducted." *Herrera v. Sanchez*, 2014-NMSC-018, ¶ 12, 328 P.3d 1176. To succeed on a challenge in the first category, as required by statute, the target must show that the prosecutor acted in bad faith in presenting the evidence to the grand jury. *See id.* ¶ 13 (citing § 31-6-

7

11(A)). But "[i]f the target of a grand jury investigation establishes, pretrial, that the grand jury proceedings were conducted in violation of these structural protections, the target is entitled to dismissal of the indictment and is not required to demonstrate prejudice." *Id.* ¶ 17.

{15} The State argues that the district court erred by not requiring Defendants to demonstrate prosecutorial bad faith or prejudice. We disagree and affirm the district court's determination that Defendants' challenge was a structural one. The issue here is not the sufficiency or the quality of the evidence supporting the indictments, but rather that the grand jury proceeding was conducted in violation of Section 31-6-11(C)(3) and (4) because Defendants were not permitted to exercise their right to testify.

{16} The State relies on several of this Court's previous decisions, such as *State v. Penner*, 1983-NMCA-116, 100 N.M. 377, 671 P.2d 38; *State v. Tisthammer*, 1998-NMCA-115, ¶ 24, 126 N.M. 52, 966 P.2d 760; and *State v. Gallegos*, 2009-NMSC-017, 146 N.M. 88, 206 P.3d 993, to support its argument. In *Penner*, we did hold that the state's violation of one of the notice requirements in Section 31-6-11 did not require an indictment to be quashed absent a showing of prejudice, but the version of the statute in effect at that time required the target to "establish[] actual and substantial prejudice" before he could obtain relief. *Penner*, 1983-NMCA-116, ¶¶ 1-2

8

(internal quotation marks and citation omitted). The Legislature removed this language from the statute in 2003, *see* § 31-6-11, and thus *Penner* is irrelevant.

{17}     The State's reliance on *Tisthammer* also fails. The State relies on paragraph twenty-four of the *Tisthammer* opinion in support of the proposition that a defendant must show prejudice before a grand jury indictment may be dismissed, but our ruling there was based on a violation of the right to counsel under Section 31-15-10(B) of the Public Defender Act, NMSA 1978, Sections 31-15-1 to -12 (1973, as amended through 2014). *See Tisthammer*, 1998-NMCA-115, ¶¶ 20-24. The State does not explain the relevance of the Public Defender Act to our construction of Section 31-6-11. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (noting that appellate courts are under no obligation to review unclear or undeveloped arguments).

{18}     Finally, in *Gallegos*, our Supreme Court addressed a challenge to the quality of the evidence supporting an indictment and held that the defendant's challenge could not succeed absent a showing of prosecutorial bad faith as required by Section 31-6-11(A). *Gallegos*, 2009-NMSC-017, ¶¶ 9, 11. But as we have explained, here Defendants did not challenge the sufficiency of the evidence supporting their indictments under Section 31-6-11(A). Rather, they challenged the State's failure to ensure that the grand jury process was conducted in accord with Section 31-6-11(C).

# CONCLUSION

{19}     We affirm the district court's order quashing the indictments. Defendants had a statutory right to testify before the grand jury, and the failure to respect that right was a structural error in the grand jury process that required no showing of prejudice or of prosecutorial bad faith. An order quashing an indictment does not preclude the State from presenting its case against Defendants to another grand jury. *See State v. Ulibarri*, 1999-NMCA-142, ¶ 24, 128 N.M. 546, 994 P.2d 1164 ("[D]ismissals for failure to comply with the grand jury statutes and rules are of necessity without prejudice."). Should the State ask another grand jury to consider charges against Defendants and if Defendants still wish to testify, the State must inform the grand jury that Defendants have a right to testify.

{20}     **IT IS SO ORDERED.**


_____
**EMIL J. KIEHNE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**